Good morning, your honors. John J. Uribe on behalf of Mr. Lee. May it please the court. I'd like to start off with using ten minutes and five minutes for rebuttal afterwards. Sure. Thank you. I want to start with something really quick with respect to the September 3rd, 2009, status conference. We pointed out that at that conference where Mr. Lee was requesting what we contend was a choice of counsel. He wanted to have an opportunity to get private counsel, that there was not an interpreter at that proceeding. And I saw later in the record Judge Guilford had in ruling on a motion to unseal some of the records in the underlying case for the prosecution, had commented on the evidence in an order, a lengthy order, and had gone into explaining why he ruled the way he did on some of the proceedings. In other words, he was addressing some of the points made in the brief. And I didn't know how to address that, but I came across a case the other day that may be helpful that was in the Ninth Circuit. It's Hurls v. Ryan at 650 F. 1301. And that stands for the ‑‑ there were some points there where the judge testified as to their recollection and substantiated some of their findings on a habeas, I believe. It was a special proceeding. And they found that that was improper and it violated the defendant's due process rights because they didn't have an opportunity to address that. And I think it looks as if the court was, in part, trying to make a finding as to the ability of Mr. Lee to know English or speak English, since there wasn't a finding made under the USVC case that we cited, where there would be a remand if there was a lack of an interpreter and a lack of a waiver and a lack of an analysis done showing that, you know, there was some need, either finding that they needed an interpreter or not. So I just wanted to bring that out in the beginning of the case. Yes, Your Honor. Counsel, I'm a little puzzled. I don't understand. Is there any contention that he did not speak and understand English? Yes. He does not speak or understand English. And all the proceedings in this case, Your Honor, you had an interpreter. His trial, all proceedings before and after, he had an interpreter. Okay. But on this particular event on September 3rd is important because we contend when Mr. Lee was asking for a new lawyer, he wasn't asking to substitute appointed counsel with another government-appointed counsel. He wanted to ask and get his own private attorney. And in our papers, we argue that this makes sense because he was trying to secure private counsel right at that time. And for whatever reasons that are not in the record, that private counsel that he had secured had withdrawn his substitution in the case. That was private counsel. And that, in turn, led the court to have a status conference because it wasn't sure who was counsel at that point. Was Mr. Wolfson still to remain or what was happening? Was Mr. Reed still on board or not? And we bring that to the panel's attention because, well, if you didn't have an interpreter and you're going through Mr. Lee, however mechanism of broken English he was exacting at that time, and there wasn't any particular finding or inquiry about, well, what are you doing? Are you asking for private counsel of choice or were you asking for a new government attorney? I think that that's extremely difficult when there's no interpreter there to really guide you. I'm looking at what I take to be the transcript of the September 3, 2009 proceeding. That's the one you're talking about? Yes, Your Honor. And it looks like on page 8, I guess starting at page 7, the judge kicks the prosecutors out and then has a conversation colloquially with the defendant who, you know, appears to be speaking in English to the judge. Yes, Your Honor. He does know some English. I'm not saying he doesn't completely not know any English or understand completely no English. I mean, it looks like a completely lucid conversation. There's no indication that there's some kind of communication problem here. Well, Your Honor, I would respectfully disagree, though. That's what that conversation involves. I don't see. Can you show me something in here where he says, I don't know what you're saying, Judge, or I don't speak English, or I'm having trouble understanding? Of course not, Your Honor. No, what the judge says is to the defendant, you know, I want to hear from the defendant. I'm going to go ahead. And then the defendant starts on a long, coherent explanation of what his problem is. Well, again, we submit, Your Honor, we're not saying here, and I don't want to belabor this point too much, we're not saying he doesn't know, he doesn't have a full, he has a limited command of English, understanding it and speaking it. He's had an interpreter all through this, except for this one particular event. This particular event, it's not clear, in my reading, or through the colloquy, whether this thing was made if he was asking for private counsel or to simply just replace Mr. What's your next argument? Let's move on to a different point. What's your next point? The next argument I want to make is pretty much the highlight of the case here, which is the lack of FARETA warnings with respect to this case. Surely, you need to make an unequivocal request that you're waiving counsel in order to bring about, I mean, generally, a FARETA warning or inquiry made by the court, to make sure that that's what the defendant actually wants to do, and, of course, get warned of all the pitfalls and the dangers of self-representation here. But wasn't he represented throughout? Your Honor, we, the record shows he's not an attorney, absolutely. But whether that attorney was representing him, we disagree. He did have an attorney. That attorney was never discharged. There's never anything on the record showing he was fired. But with the allowance that took place where Mr. Lee files using a computer at the Santa Ana jail with some other inmates, and he comes up with a motion to suppress, and the judge takes that filing, accepts that filing, makes the filing, and then directs Mr. Lee to argue that. At that point, Mr. Lee, and this happened several times, a few times, was taking on at a critical stage of the case a core function of an attorney. There is nothing on the record, nothing on the record that shows that Mr. Lee was a prize of his rights, Sixth Amendment rights, to an attorney, his choice of counsel, what that entailed. Nothing. He's allowed to argue this motion. Yes, Your Honor. What would you have the district court do in this situation when Mr. Lee wants to argue this motion, and he has his attorney present, but Mr. Lee wants to present it because it's not an argument that he thinks his counsel is presenting well enough? Maybe the district court, in your argument, should have just said, no, I'm not going to entertain this motion. Well, the research I did seems that when this happens and there's a counsel's record for the defendant, usually these motions are just, no, I'm not going to accept it, you have an attorney. Right. And when we get filings by people who are represented by counsel, we send them back and we send a copy to their counsel, so we just don't entertain it. Right. And I see you arguing that the district court committed error by failing to consider the suppression motion by Mr. Lee. Well, I think that if I'm – if I was Judge Guilford, I'd say, wait a minute, you're filing this motion, you have an attorney. I could take that as an implicit, though he's not saying I unequivocally waive counsel in order to want to go forward with this motion. I mean, he doesn't know what he's doing. The record doesn't show he knows what he's doing. And I would say, wait a minute, you're taking on a – Okay. Let's assume – was there prejudice to him from this? Absolutely, Your Honor. What was the prejudice? The prejudice was, is that as a result of allowing Mr. Lee to go forward with this motion to suppress the search warrant in the case, him being unskilled and not having – knowing the rules of procedure or the law in this area, other than getting some document off a computer at the jail, he was foregoing his opportunity to establish a sufficient record for a court of appeal to look at and determine whether that search warrant was – the motion to suppress the search warrant was properly ruled on. It seems to me that given that he had an attorney, that the attorney should have prevented him from doing that and that you might have a claim on collateral review as to an ineffective assistance of counsel claim. I believe so, Your Honor. Also, we also raised that on our brief. We know that normally that's not something taken up initially, but we felt that the record as limited as it was and the right that was implicated was such that the court could look at that. Because my looking at the record, the attorney stepped aside. Let him do this. There was nothing on the record to say, you know, counsel and his attorney went and had a private discussion and came back about – or the court saying, wait a minute, Mr. Lee. I want you to discuss this with counsel so you know what's going on here. I'm going to – you know, I'll – and that's the tricky part of this. It's like it's nuanced in this regard. And it's such an important right that – Well, counsel – Yes, Your Honor. If it's such an important right, his counsel probably would have raised it. As I read it, counsel thought that this was not really a motion that would have any opportunity for success, but he doesn't want to deprive his client of trying to do what he wanted to do, but that as counsel he considered this to be worthless. Well, I don't know if we should say that and jump to that conclusion. We don't know why he didn't bring that motion. I know that the government's brief is full of it's a meritless motion, it's a frivolous motion, that the motion is suppressed, but we don't know. We just have this – It's your burden. I mean, if you want to show prejudice, you have to show that, A, the guy didn't make a motion, and, B, had he made it, it would have been meritorious. So if we don't know, you lose. Well, what I fall back on, Your Honor, is the fact that he wasn't provided an opportunity of any warnings whatsoever about this core function at this critical stage. I'm arguing the motion is suppressed. It's an 80-page, 80-plus page – Yeah. You're hung up on the first part. You haven't addressed the second part, which is Judge Fletcher's point. You haven't shown that he lost a meritorious motion. Well, Your Honor, if we're going to say that the motion he brought was allowable, despite his rights under the Sixth Amendment and not getting any Faretta warnings about this, and we were to look at this as if his attorney filed it, I don't see how we could reach that conclusion. I don't know. Okay. I see you're down to your about a minute left. Do you want to save that for rebuttal or use it now? Yes, I'll save it for rebuttal. Thank you. Thank you. Thank you, Mr. Reba. Good morning. Good morning. May it please the Court, my name is Jennifer Ware, and I represent the United States of America. Over the course of 18 months, the defendant orchestrated a sophisticated bank fraud scheme where he created hundreds of false identifications, opened hundreds of accounts, and transferred millions of dollars from accounts causing enormous loss to banks across the United States. The defendant was caught red-handed using one of the fraudulent accounts and in possession of both a fake identification and a key to his apartment, which was filled with overwhelming evidence of his crime. After a three-day jury trial, the jury convicted the defendant of all counts. The defendant received 240 months in prison for which he is still serving. The defendant has four claims on appeal, all of which do not require reversal. First, the district court did not abuse its discretion in denying the defendant's last-minute request for continuance and his fifth attorney for trial. The September 3rd hearing has been an issue as brought up by counsel for Mr. Lee. However, there was an interpreter at the September 3rd hearing. I was present as trial counsel. Is it on the document or the transcript somewhere? Is it noted? Yes, it's on the court minutes. Okay. It's listed as the interpreter. Also, as noted by the court, by reading the transcript, the defendant was able to communicate freely. The defendant is a native Korean speaker, and there is no question from reading the transcript that he was able to meaningfully communicate with the district court about his concerns about counsel. That being said, his concerns were about strategy and about a frivolous motion to suppress, which brings me to the second claim on appeal, which was the Feretta issue. As noted by the court, the defendant was always represented by counsel, and because of that, Feretta does not apply. Moreover, the district court was being lenient by letting the defendant argue the motion, and the defendant was put in a better position because, as this court pointed out, usually parties that are represented by counsel are not allowed to give any kind of violence to the court. Third, defendant's counsel was not ineffective in this case for failing to bring a frivolous motion or failing to object when the defendant did present such motion. And finally, there was ample evidence for the jury to find beyond a reasonable doubt of each of the remaining counts in the indictment. Therefore, if there is no question, the government asks that the convictions be affirmed. Thank you, Ms. Feretta. We're going to have a minute. Your Honor, getting back to the issue about the prejudice from the motion, we really don't know. And the record, he was prejudiced in that the record was never established with respect to his motion suppressed because he didn't know what he was doing with this motion to suppress. And the, Feretta kicks in. I don't think you have to have, as looking at this case, a, I waive my right to counsel, I want to represent myself. I think by him filing the motion and taking on this critical role at this core function, at this critical stage, I think it was implied that the argument can be made that he was waiving counsel. And at that point, Feretta should have kicked in. And maybe with the warning, he would have thought more about whether to bring this motion or not. And I disagree. This motion, just looking at the face of it, had an attorney, and it's difficult enough for attorneys to deal with suppression motions, but there was, we can't just say that was a meritless motion. There was a chance here, and Mr. Lee should have had that chance in having a lawyer at least address that. Thank you, Mr. Rubio. Thank you so much, Your Honors. Thank you. Thank you. The case argued is submitted. The last case is 10-55572, Oru versus Ford Motor Service Company. Each side will have 15 minutes.
judges: Fletcher, Silverman, Wardlaw